UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH M. STARKEY,

       Plaintiff,
v.                                               Civil Action No._____

FIRSTSOURCE ADVANTAGE, LLC,
a/k/a ACCOUNT SOLUTIONS GROUP, LLC,
d/b/a ASG,

       Defendant.
_____

## I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

## II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to her federal cause of action.  As such, this Court has supplemental jurisdiction over Plaintiff's said causes of action pursuant 28 U.S.C. §1367.

## II. PARTIES

4. Plaintiff Elizabeth M. Starkey is a natural person residing in County of Erie and State of New York, and is a consumer as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Firstsource Advantage, LLC is a New York limited liability corporation a/k/a Account Solutions Group, LLC, a New York limited liability corporation, d/b/a Account Solutions Group, LLC, d/b/a ASG, operating from an address at 205 Bryant Woods South, Amherst, New York 14228, and is a debt collector as that term is defined by 15 U.S.C.§1692a(6).

6. That at all times relevant herein, Plaintiff owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. That upon information and belief, the Defendant regularly attempts to collect debts alleged to be due another, and uses the U.S. mail in furtherance of its collection of debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

16. That Plaintiff incurred a bill for cable television services to Adelphia Cable Communications. Said obligation will hereinafter be referred to as "the subject debt."

17. The subject was assigned to Time Warner Cable.

18. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

19. That the subject debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

20. That Plaintiff defaulted on the subject debt.

21. That after Plaintiff defaulted on the subject debt, Time Warner Cable employed Defendant to attempt to collect the subject debt.

22. That Defendant began placing telephone calls to Plaintiff to collect the subject debt in approximately September of 2006.

23. That in approximately September of 2006, Plaintiff state to Defendant that she could not afford to pay the subject debt at that time, informed Defendant that the number they were calling was her cellular telephone, and requested that Defendant make no further telephone calls to her cellular telephone.

24. That after Plaintiff's request that they place no further telephone calls to her, Defendant placed approximately 40 telephone calls to her cellular telephone during the months of September of 2006 through May of 2007 in which they left a message on Plaintiff's voicemail using a prerecorded and/or artificial voice.

25. That as a result of the foregoing, Plaintiff suffered nervous, upset, and suffered from emotional distress.

V.  COUNT ONE
(Fair Debt Collection Practices Act)

26. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25 above.

27. That Defendant violated multiple provisions of the FDCPA, including but not limited to the following:

   A. Defendant violated 15 U.S.C.§1692c(a)(1), 15 U.S.C.§1692c(c), and 15 U.S.C.§1692d by communicating with Plaintiff by telephone after her specific request that they not communicate with her in that manner.

   B. That the telephone calls made by Defendant described in paragraphs 22, 23 and 24 of this complaint violated 15 U.S.C.§1692d and 15 U.S.C.§1692d(5).

28. That as a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

## VII. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.14.1200, et seq.)

29. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

30. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voices to deliver messages without the express consent of the Plaintiff to initiate telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff.

31. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt and to harass her.

32. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

34. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

35. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

37. Plaintiff received approximately 40 telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded nature entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant

4

to the TCPA, 47 U.S.C.§227(d)(3)(B), from the Defendant in the amount of Twenty Hundred Thousand Dollars and No Cents ($20,000.00).

    A. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages in the amount of Sixty Thousand Dollars and No Cents ($60,000.00). pursuant to TCPA U.S.C.§227(d)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages pursuant to FDCPA 15 U.S.C. §1692k(a)(1);

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and TCPA 47 U.S.C. §227(b)(3);

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: September 27, 2007

        /s/ Kenneth R. Hiller, Esq._____
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
      ajordan@kennethhiller.com

5

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Elizabeth Starkey affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2  I have read the above-entitled civil Complaint prepared by our attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  September 27, 2007                          s/Elizabeth Starkey____
                                                    Elizabeth Starkey