UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH STARKEY,

       Plaintiff,

v.                                    Case No. 1:07-cv-0662

FIRSTSOURCE ADVANTAGE, LLC,
       Defendant.
_____

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

       This is a case brought by Plaintiff for damages for Defendant's alleged violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.§1692, et seq. and the Telephone Consumer Protection Act (TCPA) 47 U.S.C.§227, et seq.  Defendant has filed a Motion for Summary Judgment dismissing this case.  This Memorandum of Law is submitted in opposition to Defendant's Motion.

       Plaintiff applied to Adelphia, later Time Warner, for cable television services. (Defendant's Statement of Material Facts "DSMF", ¶¶ 3-4).  Plaintiff defaulted on the account, and Time Warner referred the account to Defendant to attempt to collect the debt. (DSMF, ¶¶ 5, 9).  It is undisputed that Plaintiff gave Defendant consent to call her cellular telephone when she signed up for with Adelphia for cable services. (DSMF, ¶¶ 7, 12; Plaintiff's Response to Defendant's Statement of Material Facts "PRDSMF", ¶ 15).  There is an issue of fact as to whether Plaintiff revoked that consent.  Plaintiff alleges she did on March 26, 2007.  Defendant alleges she did not. (PRDSMF, ¶ 23).  It is also undisputed that after March 26, 2007, Defendant

1

left between 6 and 14 telephone messages on Plaintiff's cellular telephone using voice recorded messages. (PRDSMF, ¶ 25).

## ARGUMENT

**I.     THE TCPA.**

In 1991, the TCPA, 47 U.S.C. § 227, was enacted.  Amongst the many consumer protections provided by the TCPA in the furtherance of consumer privacy, is the prohibition against the calling of a cellular telephone number using artificial or prerecorded voices without prior consent unless it is an emergency call or exempted by the FCC pursuant to 47 U.S.C.§ 227b(1)(A)(iii).  Although a great deal of attention is paid throughout the statute to telemarketing calls, the statutory provision in question does not limit its' application to such calls.  The statute clearly states, it is "unlawful for any person . . . to make *any call* . . Id, (emphasis added) As such, it has been held that the plain language of §227 requires that it be found to apply to all calls, not only telemarketing calls. *Watson v. NCO Group, Inc.,* 462 F.Supp.2d 641, 645 (E.D.Pa., 2006).[1]

There is a distinction under the statute between calls made to cellular telephones and residential lines.  §227(b)(1)(B) prohibits using prerecorded messages in calls to residential lines unless the call of for emergency purposes, or if it is exempted under §227(2)(B).  Those exemptions exclude coverage if there is an established business relationship between the parties, or if the calls that do not affect the called parties privacy rights and do not included an unsolicited advertisement.  These statutory exemptions are quite complex and need not be described herein because the calls in this case were not made to a residential line, but rather, a cellular telephone line.

---

[1] The *Watson* case involved calls to a residential telephone line rather than a cellular telephone line.  Although the analysis of liability is different in such a situation, the general principal that the TCPA's coverage is not restricted to telemarketing calls applies to calls to residential and cellular telephone lines.

§227(b)(1)(A)(iii) prohibits the use of prerecorded messages in calls to cellular telephones. Unlike the provisions of 227(b)(1)(B), 227(b)(1)(A)(iii) does *not* provide that liability is subject to the exemptions contained in 227(b)(2)(B). Thus, there is no exclusion for non-telemarketing calls, and no exclusion simply because the caller has a business relationship with the called party. The statute simply prohibits *all* calls to cellular telephones using prerecorded messages, regardless of their content. The only exclusions are for emergency calls and those made with the prior express consent of the called party. 47 U.S.C.§227(b)(1)(A).

The damages available under the TCPA for violations under §227 are described at 47 U.S.C.§227(b)(3):

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> **(C)** both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.[2]

Thus, under the statute, the Plaintiff is entitled to $500.00 for each call in which the Defendant used a prerecorded voice, or her actual damages, whichever amount is greater. Plaintiff does not allege that her actual damages exceed the statutory damages available under the TCPA. Thus, Plaintiff is entitled to $500.00 for each call made. In

---

[2] It is important not to confuse this section with the damages provided for under 47 U.S.C.§227(c)(5) which provides damages "up to $500.00" per violation. This section applies only to violations of §227(c), the so-called "Do Not Call List" legislation.

addition, the statute also provides that the Court finds that the Defendant willfully or knowingly violated the statute, that the damages may, in the Court's discretion, be trebled.

## II. THERE IS AN ISSUE OF FACT AS TO WHETHER PLAINTIFF REVOKED HER CONSENT TO CALL HER CELLULAR TELEPHONE

As noted above, there is an exemption from TCPA liability if the calls are made with the "prior express consent of the called party". 47 U.S.C.§227(b)(1)(A). The FCC has ruled that a person who provides a cellular telephone number in connection with an application for credit has provided express consent to be called regarding the debt. (See 2007 FCC Ruling annexed as Exhibit A to Defendant's Memorandum of Law). Plaintiff does not dispute that she provided her cellular number in connection with her application for cable services and, therefore, *at that time,* consented to be called at that number.

There is nothing in the TCPA, its' regulations or rulings that suggest that giving a creditor authorization to call a telephone number is an authorization to call that number for life. In fact, paragraph 9 of the 2007 ruling attached to Defendant's motion papers states as follows:

> In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary*." The legislative history in the TCPA provides support for this interpretation. (Emphasis added).

It is, therefore, submitted that a consumer may revoke their consent to be called on a cellular telephone at any time.

There is clearly an issue of fact as to whether Plaintiff revoked her authorization to be called on her cellular telephone. Plaintiff has testified that she orally revoked such authorization, while the Defendant has denied that she did so. (PSMF, ¶ 23). If one

4

resolves this factual dispute in Plaintiff's favor, as one must for the purposes of this motion, then the 6 to 14 the telephone calls using prerecorded messages made by the Defendant after the revocation of consent violated the TCPA.

### III. THERE IS NO REQUIREMENT UNDER THE TCPA THAT A REVOCATION OF CONSENT BE IN WRITING

Citing §1692c(c) *of the FDCPA,* the Defendant argues that the revocation of consent must be in writing. However, this actually strengthens Plaintiff's argument that such a request need not be in writing under the TCPA. §1692c(c) of the FDCPA demonstrates that Congress fully considers and knows how to legislate a requirement that an act be done in writing. The lack of a requirement that revocation of consent be made in writing in the TCPA suggests that Congress chose, for reasons they must have felt to be important, not to impose such a requirement.

### IV. THERE ARE MATERIAL ISSUES OF FACT RELATIVE TO PLAINTIFF'S FDCPA CLAIMS

The presumed facts as are relevant to Plaintiff's FDCPA claim are that on March 26, 2007, Plaintiff orally requested that Defendant stop calling her cellular telephone regarding her cable bill. (PRDSMF, ¶ 23). Defendant did not honor this request, and called Plaintiff using voice recorded messages 6-14 times after her request. (PRDSMF, ¶ 25). The Defendant has not denied these calls were made, and even if they did, it would only raise an issue of fact that would have to be presented to a jury.

#### A. A JURY MUST DECIDE IF PLAINTIFF HAS ESTABLISHED A VIOLATION OF THE FDCPA UNDER 1692d and d(5)

Plaintiff contends that Defendant's continuation of telephone calls to Plaintiff after her request that she not be called again constituted a violation of the FDCPA.

Defendant response to this claim is that 1692c(c) requires that a request to cease and desist communications must be in writing.

That is true under 1692c(c). However, the Defendant's conduct implicates other provisions of the FDCPA.

15 U.S.C.§1692d states in relevant part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Several cases have found that telephone calls made to a person after a request that no further calls be made creates an issue for a jury as to whether there has been a violation of 1692d. *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1123-24 (D.Nev., 2008); *Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255* 3-4 (D.N.H., 2009). In this case, the Defendant called the Plaintiff between 6 and 14 more times. It is submitted that these facts present a jury question as to whether there has been a violation of 1692d and 1692d(5).

15 U.S.C.§1692c(a)(1) provides in relevant part:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--

**(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

The Plaintiff has sworn that she found Defendant's calls to her cellular telephone inconvenient to her, as well as harassing. (PRDSMF, ¶ 31). It is self-evident that a person would find it inconvenient to have her day frequently interrupted by the calls, and because she was charged for the calls. Several cases have found the fact pattern existing

in this case to present, at minimum, a jury issue under 1692c(a)(1). *Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557, 559 (1993); *Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501*4-5 (E.D.Wis., 2006).

## **CONCLUSION**

By reason of the foregoing, Defendants Summary Judgment motion should be denied in all respects. .

Dated:  September 17, 2009

                                          /s/Kenneth R. Hiller_____
                                          Kenneth R. Hiller, Esq.
                                          Law Offices of Kenneth Hiller
                                          *Attorneys for the Plaintiff*
                                          6000 North Bailey Avenue, Ste. 1A
                                          Amherst, NY 14228
                                          (716) 564-3288
                                          Email: khiller@kennethhiller.com