UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ELIZABETH STARKEY

                    Plaintiff,                    Civil Case No. 07-CV-00662

vs.

FIRSTSOURCE ADVANTAGE, LLC

                    Defendant.

---

---

**REPLY MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

---

DATED:      Buffalo, New York
            October 9, 2009

Jason A. Botticelli, Esq.                    COLUCCI & GALLAHER, P.C.
James J. Greco, Esq.                         *Attorneys for Defendant*
*Of Counsel*                                 2000 Liberty Building
                                             424 Main Street
                                             Buffalo, New York  14202
                                             (716) 853-4080

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................................iii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT ......................................................................................................................2

     I.     Plaintiff has Failed to Raise a Question of Fact
          Regarding a Violation of the TCPA...............................................................2

     II.    Plaintiff has Failed to Raise a Question of Fact
           Regarding a Violation of the FDCPA ...........................................................3

CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

## DECLARATORY RULING                                          PAGE

FCC Declaratory Ruling, FCC 07-232 (Dec. 28, 2007) ........................................................ 2, 3


## CASES

*Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557 (1993) ................................. 4

*Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501 (E.D.Wis. 2006).................... 5

*Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255 (D.N.H. 2009).................................... 4, 5

*Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117 (D.Nev. 2008) ........................ 4

*Leckler*, 2008 WL 5000528 (N.D.Cal 2008) ....................................................................... 2, 3

*U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049 (9th Cir. 2000).......................... 2


## STATUTES                                                   PAGE

15 U.S.C. §1692c(a)(1)................................................................................................... 4

15 U.S.C. §1692c(a)(3)................................................................................................... 5

15 U.S.C. §1692c(c)............................................................................................... 2, 3, 5, 6

15 U.S.C. §1692(d) ...................................................................................................... 3, 4

28 U.S.C. §2342............................................................................................................ 2, 3

## PRELIMINARY STATEMENT

Defendant, Firstsource Advantage, LLC ("Firstsource"), submits this Memorandum of Law in further support of its motion for summary judgment dismissing plaintiff's Complaint in its entirety.  As explained more fully below, plaintiff has failed to raise a question of fact that would prohibit the granting of summary judgment on behalf of defendant.

# ARGUMENT

## POINT I

### Plaintiff has Failed to Raise a
### Question of Fact Regarding a Violation of the TCPA

Plaintiff does not dispute that she gave her cell phone number and consent to be reached on that number when she originally activated her cable services.  The only issue remaining before this Court is whether or not plaintiff can verbally withdraw that consent after it has been given.

FDCPA 15 U.S.C. §1692c(c) requires that a debtor submit a request in **writing** that debt collectors stop contacting them.  At its core, this is a debt collection case, and the FDCPA requirement should apply.  To accept plaintiff's notion that the debtor could verbally request such calls to stop would nullify the clear requirements of the FDCPA.

Plaintiff relies on language in the 1992 TCPA Order in trying to infer that a verbal request to cease collection calls is appropriate and that any calls after the verbal request are in violation of the TCPA.  However, this is plaintiff's own interpretation of the 1992 TCPA Order and legislative history of the TCPA.  Plaintiff has failed to provide any case law or statutory backing that holds a verbal request to stop all calls must be honored.  Indeed, the Federal Communications Commission ("FCC") made its December 28, 2007 Declaratory Ruling for the purpose of clarifying the issue of consent.  Nowhere within the 2007 Declaratory Ruling is it mentioned that a verbal request to stop calls must be honored after prior express consent is given.

The Hobbs Act, 28 U.S.C. §2342, places exclusive jurisdiction with the Federal Court of Appeals to "enjoin, set aside, suspend (in whole or in part) or to determine the validity of . . . all final orders of the Federal Communications Commission . . . ."  *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 3; *citing U.S. West Communications, Inc. v. Hamilton*, 224 F.3d 1049,

1054 (9th Cir. 2000).  The *Leckler* decision is directly on point as it specifically deals with the subject FCC 2007 Declaratory Ruling.  The *Leckler* court went on to state, "the FCC's Declaratory Ruling is a 'final order' for the purpose of 28 U.S.C. §2342 because it was the agency's final decision interpreting the 'prior express consent' provision of the TCPA . . . ." *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 4.

The FCC is the entity charged with enforcing the TCPA and promulgating regulations for that statute.  As pointed out by the *Leckler* court, if plaintiff wishes to challenge the FCC's ruling on prior express consent, her only remedy is to file a petition for review of the FCC's final order in the Court of Appeals naming the United States as a party.  *Leckler*, 2008 WL 5000528 (N.D.Cal. 2008) at p. 4.

In summary, defendant, in its collection activity, called the subject number that was provided by plaintiff when she activated cable services.  Defendant never received a written request to stop calling as required by the provision of the FDCPA, and plaintiff has failed to offer any case law or statutory backing that verbal requests to stop calling must be honored.  Based upon the foregoing, plaintiff's allegation of a TCPA violation should be dismissed in its entirety.

## POINT II

### Plaintiff has Failed to Raise a
### Question of Fact Regarding a Violation of the FDCPA

Pursuant to FDCPA §1692c(c), "Ceasing Communication," a debt collector must cease further communication with the consumer if a consumer notifies the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication with the consumer."  Plaintiff's analysis that continued calls without a cease and desist letter constitute harassment or abuse under Section 1692(d) of the FDCPA is unreasonable since the statute sets forth the writing requirement.

The cases cited by plaintiff that continued calls after a verbal request that calls stop is a violation of section 1692(d) are distinguishable from the instant case.  In *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117 (D.Nev. 2008), there was a written cease and desist letter provided by the debtor.  In *Gilroy v. Ameriquest Mortg. Co.*, 2009 WL 1704255 (D.N.H. 2009), approximately 468 collection calls were made, some as late as 9:00 p.m. and after plaintiff informed the callers that it was an inconvenient time.  Additionally, on at least two occasions, the callers in *Gilroy* accused plaintiff of being a liar.

In the instant action, plaintiff alleges that between six to 14 calls were placed to her following her alleged verbal request that all calls stop.  The six to 14 phone calls were spread out between the months of April and May 2007, with plaintiff contacting defendant and entering into a payment plan on May 22, 2007.  The fact scenario in this case is nowhere near the abuses and excessive calls contemplated in the cases cited by plaintiff.  Also, as discussed more fully below, plaintiff does not allege, like plaintiff in *Gilroy*, that she made a request that calls stop at certain times she found inconvenient.  Rather, plaintiff testified that she demanded all calls to stop.

Plaintiff also alleges there is an issue of fact regarding a violation of 15 U.S.C. §1692c(a)(1).  This allegation is based on the claim that plaintiff was inconvenienced and harassed by receiving debt calls on a cell phone number she provided for a legitimate debt she owed and subsequently paid.

The cases cited by plaintiff in support of this argument are also distinguishable from the instant action.  In *Austin v. Great Lakes Collection Bureau, Inc.*, 834 F.Supp. 557 (1993), plaintiff received collection calls directly to her work telephone number, and a call was placed to plaintiff's secretary at her place of employment following plaintiff's request that she not be contacted at work.

In the instant action, all calls were made to the cell phone number provided by plaintiff. No calls were placed directly to her place of employment, and plaintiff did not allege in her Complaint a violation of 15 U.S.C. §1692c(a)(3), which specifically deals with debt collectors directly calling a consumer's place of employment.   Additionally, unlike the defendant's collection notes in the *Gilroy* case, defendant's collection notes in the instant action do not reflect that plaintiff ever requested that she not be called during work hours.

The other case cited by plaintiff, *Brzezinski v. Vital Recovery Services, Inc.*, 2006 WL 1982501 (E.D.Wis. 2006), concerns a letter sent by a debt collector which allegedly violated the FDCPA.  In analyzing that case, the court stated the following:

> Debt collectors must honor a request to cease communications at places of employment and at **inconvenient times and places** even if the requests are made orally and are not written.  This is because the statute places on the debt collector the burden of not communicating with the consumer once the debt collector knows or has reason to know that a **particular time and place** are inconvenient for the consumer or that the consumer's employer prohibits the consumer from receiving such communication (emphasis added).

*Brzezinski, supra* at p. 4.

Nowhere within the case is it stated that all communications must cease, just that when it is known that a **particular time and place,** such as a place of employment, are inconvenient for the consumer.  The rationale by the court in *Brzezinski* is sound since it limits the calls to particular times and places of inconvenience.  The court did not go as far as to state that further calls at other times are a violation of the FDCPA.  If this was the case, the written requirement of Section 1692c(c) would not be necessary.

In the instant action, it is not alleged that plaintiff received calls at a particular time and place, such as her employment, after her instruction not to do so.  It is merely alleged that

plaintiff verbally requested **all** calls to cease, for which she should have sent a letter pursuant to the written requirement of Section 1692c(c).   Even during plaintiff's deposition, she did not testify that she ever informed defendants that she was being inconvenienced since the calls to her cell phone were made while she was at work.   Rather, she testified that she verbally requested that all calls cease.

Based on the foregoing, plaintiff has failed to raise an issue a fact of a violation of the FDCPA, and defendant's motion for summary judgment should be granted.

## CONCLUSION

Plaintiff has failed to raise a genuine issue of fact that would preclude Firstsource Advantage, LLC from being granted summary judgment dismissing plaintiff's Complaint in its entirety as a matter of law.  Plaintiff provided her cellular telephone number in activating cable services and received calls on that number for a legitimate attempt to collect on a debt she owed and subsequently paid.  Even assuming plaintiff did verbally request that the calls stop, plaintiff has failed to offer any case law or statutory backing that such a verbal request must be honored pursuant to the TCPA.  In contrast, the FDCPA, which covers debt collection practices, calls for a letter requesting all calls to cease.  Plaintiff never sent a written cease and desist letter in this case.

Based upon the foregoing, Firstsource Advantage, LLC respectfully requests an Order granting summary judgment dismissing plaintiff's Complaint in its entirety, and granting such other and further relief as this Court deems just and proper.

DATED:      Buffalo, New York
             October 9, 2009

                          COLUCCI & GALLAHER, P.C.

                  By:     /s/ Jason A. Botticelli
                          Jason A. Botticelli, Esq.
                          James J. Greco, Esq.
                          *Attorneys for Defendant*
                          2000 Liberty Building, 424 Main Street
                          Buffalo, New York 14202
                          (716) 853-4080
                          jbotticelli@colucci-gallaher.com