UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELIZABETH STARKEY

                     Plaintiff,               Civil Case No. 07-CV-00662

vs.

FIRSTSOURCE ADVANTAGE, LLC

                     Defendant.

_____

---

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

---

DATED:      Buffalo, New York
               August 14, 2009

Jason A. Botticelli, Esq.           COLUCCI & GALLAHER, P.C.
James J. Greco, Esq.               *Attorneys for Defendant*
*Of Counsel*                       2000 Liberty Building
                                    424 Main Street
                                    Buffalo, New York  14202
                                    (716) 853-4080

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS ....................................................................................2

ARGUMENT ........................................................................................................3

      I.      Firstsource did not violate the TCPA............................................3

      II.     Firstsource did not violate the FDCPA .........................................4

CONCLUSION......................................................................................................6

## TABLE OF AUTHORITIES

**DECLARATORY RULING**                                                                **PAGE**

FCC Declaratory Ruling, FCC 07-232 (Dec. 28, 2007) ........................................................3-4


**STATUTES**                                                                                  **PAGE**

15 U.S.C. §1692c(c)..........................................................................................................4-5

47 U.S.C. §227(b) ............................................................................................................. 3

47 U.S.C. §227(b)(1)(A).................................................................................................... 3

47 U.S.C. §227(c)(1)-(4).................................................................................................... 3

## PRELIMINARY STATEMENT

Defendant, Firstsource Advantage, LLC ("Firstsource"), submits this Memorandum of Law in support of its motion for summary judgment dismissing plaintiff's claims in their entirety.

This action was initiated by plaintiff in the United States District Court, Western District of New York.  The complaint asserts claims alleging violation of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA").

It is respectfully submitted that Firstsource's motion should be granted.  Pursuant to the TCPA and the December 28, 2007 Declaratory Ruling by the Federal Communications Commission ("FCC"), Firstsource did not violate the TCPA or FDCPA as calls were being made for collection of a legitimate debt using a telephone number provided by plaintiff when she signed up for cable services.

## **STATEMENT OF FACTS**

The facts underlying this motion are set forth in the Local Rule 56.1(a) Statement of Facts, dated August 14, 2009.  The Statement of Facts, the Appendix to the Statement of Facts, the Affidavits of Edmund Rogers and Melissa Kotas, and the exhibits attached thereto, are incorporated herein, are made a part of this motion and will be referenced below as necessary.

## ARGUMENT

### POINT I

### Firstsource did not Violate the TCPA

The TCPA was enacted by Congress in an effort to address telephone marketing calls and practices found by Congress to be an invasion of a consumer's privacy.  47 U.S.C. §227(c)(1)-(4).  While the Act was geared towards marketing calls, as opposed to debt collection, it does regulate the use of automated telephone equipment.  47 U.S.C. §227(b).  Specifically, 47 U.S.C. §227(b)(1)(A) prohibits the use of an automated dialing system from calling a cellular telephone absent an emergency purpose or prior consent.

Plaintiff alleges that calls made to her cellular telephone to collect on a debt she admittedly owed on a cable bill violated the TCPA.  However, as mentioned above, the TCPA contains a provision that such calls to a cellular telephone may be made upon consent.  42 U.S.C. §227(b)(1)(A).

The FCC, which is the entity charged with enforcing the TCPA and promulgating regulations for that statute, addressed the issue of debt collection efforts made to cellular telephones in its December 28, 2007 Declaratory Ruling.  A copy of the FCC Declaratory Ruling is attached as **Exhibit "A"**.

In its December 28, 2007 Declaratory Ruling, the FCC stated that where the consumer has provided the cellular telephone number in connection with the opening of the account where a transaction has resulted in the debt, that party has consented to any attempt to collect the debt using the cellular telephone number provided.  See Exhibit B at pp. 6 and 7.  In the instant action, plaintiff opened an account for cable services and provided a telephone number of (716) 984-3012.

While plaintiff alleges to have verbally withdrawn her prior consent to use her telephone number, the evidence, i.e. Firstsource Account Notes, does not reflect that the request was ever made. Even assuming plaintiff had made that request, nowhere within the FCC's Declaratory Ruling clarifying the issue of consent does it mention that a verbal request must be honored.

Additionally, FDCPA 15 U.S.C. §1692c(c) requires that a debtor submit a request in **writing** that debt collectors stop contacting them. To accept plaintiff's notion that a debtor can verbally request all calls to stop would contravene the clear requirements of the FDCPA.

The clear intent of the TCPA was to curtail blind telemarketing practices. It is extremely difficult to imagine that Congress intended the Act to punish legitimate debt collectors utilizing phone numbers provided by a debtor in an attempt to collect a debt. Basically, plaintiff provided her cellular telephone number in connection with her cable services, received the benefit of those services, and is now suing for monetary damages for the legitimate attempt to collect on the debt owed for those services.

As mentioned above, the FCC's December 28, 2007 Declaratory Ruling soundly addresses the issue at hand. Based upon that ruling, the TCPA restrictions do not apply since legitimate calls to collect on a debt were being made to a telephone number provided by the plaintiff. As such, plaintiff's allegation of a TCPA violation should be dismissed in its entirety.

### POINT II

### <u>Firstsource Did Not Violate the FDCPA</u>

Unlike many FDCPA cases, there is no issue as to the amount or legitimacy of the debt owed in the instant action. The record reveals that this was a debt owed for cable services activated by plaintiff. There are also no other claims for such common FDCPA violations as abusive/threatening language, calls to plaintiff's place of employment, or calls at unusual times.

The essence of plaintiff's claim is that because calls were made, a violation of the FDCPA exists. While the FDCPA does allow for recovery of calls placed to a debtor's phone for the purpose of attempting to annoy and/or harass the party, there is no proof beyond conclusory allegations that this occurred in this case. In the instant action, the evidence shows that the calls were placed to the subject number in a legitimate attempt to collect a debt.

Plaintiff's entire Complaint rests on the premise that she was receiving collection calls on her cellular telephone for a collection of a debt she admits to owing and, in fact subsequently paid. As explained more fully above, legitimate collection efforts were made using the telephone number provided by plaintiff. Plaintiff not only used her cellular telephone number in connection with her cable services, but generally used that same telephone number for contact information for all her utilities and as her primary contact number.

Despite evidence to the contrary, plaintiff alleges that she verbally requested that the collection calls cease. As mentioned above, 15 U.S.C. §1692c(c) of the FDCPA requires that such a request be made in **writing**. However, plaintiff did not send a written cease and desist request to Firstsource.

Since the calls made in this action were a legitimate attempt to collect a debt for cable services rendered to plaintiff with contact information provided by plaintiff, and a written cease and desist letter was never sent on the account, plaintiff's allegations of an FDCPA violation should be dismissed in its entirety.

## <u>CONCLUSION</u>

Collection activity in this case was made on an account opened by plaintiff to a phone number that was provided by plaintiff.  As such, there is no violation of the TCPA or FDCPA pursuant to the FCC Declaratory Ruling of December 28, 2007.  Based upon the foregoing, Firstsource Advantage, LLC respectfully requests an Order granting summary judgment dismissing plaintiff's Complaint in its entirety, and granting such other and further relief as this Court deems just and proper.

DATED:          Buffalo, New York
                August 14, 2009

                                    COLUCCI & GALLAHER, P.C.

                      By:     /s/ Jason A. Botticelli
                              Jason A. Botticelli, Esq.
                              James J. Greco, Esq.
                              *Attorneys for Defendant*
                              2000 Liberty Building, 424 Main Street
                              Buffalo, New York 14202
                              (716) 853-4080
                              jbotticelli@colucci-gallaher.com